UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN MORALES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>Defendants. | Case No. 1:25-cv-00271-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant ZF Passive Safety Systems US LLC's ("ZF PSS") Motion to Dismiss Plaintiff's Amended Complaint against it for lack of personal jurisdiction. Dkt. 37. After limited jurisdictional discovery, Plaintiffs filed their response to the motion. Dkt. 56. Defendant ZF Passive Safety Systems US LLC filed a reply. [1] Dkt. 57. For the reasons explained below, the Court finds it does not have personal jurisdiction over ZF PSS and GRANTS the Motion to Dismiss.

## II. BACKGROUND

This case concerns a single vehicle rollover of a 2003 Ford Expedition westbound on I-84 near Mountain Home, Idaho, on March 16, 2024. This rollover caused the death of one minor passenger, S.A.M., and serious injuries to the other occupants. All occupants

---

[1] Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, this matter will be decided on the record before the Court without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

were wearing seat belts. Plaintiffs allege that the seat belt system in the Expedition improperly failed to restrain the occupants of the vehicle and that this, along with other claimed vehicle defects, caused Plaintiffs' injuries and S.A.M.'s death. Plaintiffs allege the seat belts were manufactured by Defendant ZF PS.

ZF PSS is a Delaware corporation with its principal place of business in Michigan. Dkt. 37-2, ¶ 3. It has no Board of Directors, no registered agent, no employees, management personnel, or officers who reside in Idaho. *Id.* ¶¶ 5-7. The sole member of ZF PSS is ZF Passive Safety US Inc., which is also a Delaware company with its principal place of business in Michigan. *Id.* ¶ 3. ZF PSS designed the seat belt assembly and sold it to Ford as original equipment for installation in model year 2003 Ford Expeditions outside of Idaho. *Id.* ¶ 12. ZF PSS assembled and tested the seat belt assembly outside of Idaho. *Id.* ¶ *13.* It delivered the seat belt assembly to Ford outside of Idaho. Ford then installed the seat belt system into finished vehicles outside of Idaho and without any participation from ZF PSS. *Id.* ¶ 19. ZF PSS has not sold any seat belt components in Idaho. ZF PSS's only customers are automaker companies, and ZF PSS does not sell seat belt assemblies to anyone in Idaho. *Id.* ¶ 17.

On May 27, 2025, Plaintiffs filed this lawsuit against Ford, ZF PSS, and others. They allege claims against ZF PSS of strict liability, negligence, and breach of express and implied warranties. Plaintiffs, who are all residents of Idaho, do not identify any tortious conduct by ZF PSS that occurred in Idaho. Instead, they allege that ZF PSS purposefully availed itself of the privileges and benefits of doing business in Idaho both directly and through agents. Dkt. 32, ¶ 30. Plaintiffs filed their First Amended Complaint on July 24,

MEMORANDUM DECISION AND ORDER - 2

2025. The First Amended Complaint did not change the allegations against ZF PSS.

On August 6, 2025, ZF PSS specially appeared and filed a Motion to Dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2). Dkt. 37. This motion argues that a federal court in Idaho may not exercise personal jurisdiction over a Delaware corporation doing business in Michigan for an accident occurring in Idaho when that corporation has no relevant jurisdictional contacts with Idaho. Dkt. 37-1. Plaintiffs argue that ZF PSS is a major supplier of seat belt systems for the entire U.S. car market. Dkt. 56, p. 6. As such, ZF PSS introduces a component part of automobiles into the stream of interstate commerce that includes Idaho and all other 49 states, giving Idaho courts personal jurisdiction.

The matter is now ripe for review.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(k), federal courts sitting in diversity jurisdiction have personal jurisdiction to the extent permitted by the long-arm statute of the state in which they sit.[2] Idaho's long-arm statute authorizes the exercise of "all the jurisdiction available to the State of Idaho under the due process clause of the United States Constitution. *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1161 (9th Cir. 2023). Whether the exercise of jurisdiction satisfies due process turns on "the nature and extent of the defendant's relationship to the forum State." *Id.* (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021)).

---

[2] Federal courts also have personal jurisdiction over persons served within 100 miles of the courthouse where the summons was issued, when authorized by federal law, or (in cases arising under federal law) over persons who are subject to the personal jurisdiction of the United States as a whole but not any state individually. Fed. R. Civ. P. 4(k)(1)(B–C); 4(k)(2). Plaintiffs do not base their argument for personal jurisdiction on any of these bases.

MEMORANDUM DECISION AND ORDER - 3

Given the focus on forum state contacts, jurisdiction comes in two forms: general jurisdiction and specific jurisdiction. *Id.* According to the Ninth Circuit, general jurisdiction—or "all purpose" jurisdiction—applies only when a defendant is "essentially at home" in the forum state. *Davis*, at 1161. For corporations, this type of extensive contact generally means the company's place of incorporation or its principal place of business. *Id.* General jurisdiction extends to all claims against the defendant concerning events and conduct anywhere in the world. *Id.* This means a corporation can always be sued in the state where the corporation is incorporated or has its principal place of business. Both parties acknowledge that general jurisdiction does not apply to this case.

Specific jurisdiction, on the other hand, permits jurisdiction over a defendant less intimately connected with the forum State. *Id.* To assert specific jurisdiction, the defendant must have taken some act by which it purposefully avails itself of the privilege of conducting activities within the forum State. *Id.* But, given the more limited contacts with the forum State, this type of jurisdiction is "case-linked," only covering a narrower class of claims. *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). To comply with due process, the plaintiffs' claims must *arise out of* or *relate to* the defendant's contacts with the forum state. *Id.*

The Ninth Circuit's most recent personal jurisdiction case is *Cox v. Gritman Medical Center*, 2026 WL 738569 (9th Cir. March 16, 2026). The Circuit recognized that the Due Process Clause of the Fourteenth Amendment imposes three requirements for exercising specific jurisdiction over an out-of-state defendant: (1) the defendant must have minimum contacts with the forum; (2) the claim must "arise out of or relate to the defendant's forum-

MEMORANDUM DECISION AND ORDER - 4

related activities"; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Cox*, at *5. The plaintiff bears the burden on the first two elements. *Id.* If those first two elements are satisfied, then the defendant bears the burden to show that the third element is not satisfied. *Id.* (citing *Briskin v. Shopify*, 135 F.4th 739, 751 (9th Cir. 2025)). Here, Plaintiffs cannot get past the first requirement.

## IV. ANALYSIS

A defendant has minimum contacts with the forum when the defendant has either purposefully availed itself of the privilege of conducting business in the forum or purposefully directed its activities at the forum.[3] *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Briskin*, 135 F.4th at 750–51.

"Purposeful availment" occurs when the defendant has taken deliberate action within the forum State or has created continuing obligations to forum residents. *Cox,* at *5. "At bottom, we must 'ask whether defendants have voluntarily derived some benefit from their interstate activities such that they will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts.'" *Id.* (quoting *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1090 (9th Cir. 2023)). While "physical presence in the forum is not a prerequisite to jurisdiction, physical entry into the State—either by the defendant in person or through an agent, goods, mail, or some other means—is certainly a relevant contact." Mere foreseeability that an action will cause an injury in the forum is

---

[3] This prong incorporates two distinct concepts: purposeful direction and purposeful availment. The Ninth Circuit has recently said that those concepts are not divided by the nature of the case, i.e. contract or tort. This prong of minimum contacts can be satisfied by purposeful availment, by purposeful direction, or by some combination thereof. *Davis*, 71 F.4th at 1162.

insufficient to find minimum contacts. *Cox*, at \*5 (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)).

Plaintiffs argue that ZF PSS's high volume of seatbelt assembly sales in the United States, combined with its knowledge that some of those assemblies must reach into Idaho, is sufficient to subject ZF PSS to personal jurisdiction in Idaho. However, that is contrary to the law. "[A] defendant's placement of a product into the stream of commerce is insufficient to support personal jurisdiction absent additional conduct specifically directed at the forum state." *Walsh v. LG Chem Ltd.*, 834 Fed.Appx. 310, 311 (9th Cir. 2020) (citing *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal.*, 480 U.S. 102, 112 (1987)). This is particularly true where plaintiff has not even established that ZF PSS sold its product to manufacturers or distributors in Idaho.

> In *Holland America Line Inc. v. Wartsila North America, Inc.*, the Court held:
>
> The placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state. Even a defendant's awareness that the stream of commerce may or will sweep the product into the forum state does not convert the mere act of placing the product into the stream of commerce into an act purposefully directed toward the forum state.
>
> . . .
>
> *Asahi* requires "something more" than the mere placement of a product into a stream of commerce, and [plaintiff] has failed to demonstrate the requisite extra showing here. *See, Asahi,* 480 U.S. at 111.

485 F.3d 450, 459 (9th Cir. 2007); *see also J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 885 (2011) (adopting Justice O'Connor's "something more" test first announced as a plurality opinion in *Asahi*). "As for what constitutes 'something more,' the Ninth Circuit has relied on the Supreme Court's examples in *Asahi* which included 'designing the product

MEMORANDUM DECISION AND ORDER - 6

for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State.'" *Thomas v. Amer. Sports Company*, 2022 WL 1063721, at *7 (D. Idaho 2022) (citing *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 861 (9th Cir. 2022).

Plaintiffs allege that ZF PSS does the "something more" required by *Asahi*. First, it alleges that ZF PSS, through its parent company, maintains an active website that allows consumers to directly order automobile parts from the parent company and provides advice to consumers on service issues. However, the website identified by Plaintiffs belongs to the parent corporation of ZF PSS, not to ZF PSS, so it is not relevant here. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015) ("The existence of a parent-subsidiary relationship is insufficient, on its own, to justify imputing one entity's contacts with a forum state to another for the purpose of establishing personal jurisdiction."). Even then, the exhibits Plaintiffs submitted in the record pertaining to this website show only that the parent corporation has a system to provide information to a customer about select product groups. None of those groups involve a seatbelt assembly. Dkt. 56-16, Ex. 14 (pt. 2). In fact, Plaintiff's Exhibit 14 (pt. 1) relates only to transmission units not seatbelt assemblies. Dkt. 56-15. The exhibits provided by Plaintiffs do not even mention ZF PSS or its products.[4]

---

[4] It is misleading for the Plaintiffs to quote this Court's decision in *Thomas v. Amer Sports Company*, 2022 WL 1063721 (D. Idaho 2022) and insert ZF PSS into that quote after the Plaintiffs already acknowledged that ZF, the parent corporation, not ZF PSS maintained that website. Specifically, Plaintiffs write: "As with

(Continued)

MEMORANDUM DECISION AND ORDER - 7

Next, Plaintiffs allege that Ford is ZF PSS's Idaho distributor. That is not correct. Ford is a vehicle manufacturer that incorporates ZF PSS's seatbelt assembly into its final product. Nothing in the record suggests that ZF PSS has any say on where Ford sells its final product. The record only supports the idea that ZF PSS sells its product to Ford outside of Idaho and that Ford distributes its vehicle into Idaho. Nothing in the record suggests that the seatbelt assembly is distributed into Idaho as a separate and distinct unit.

Our case is similar to *LNS Enterprises LLC v. Continental Motors, Inc.*, 22 F.4th 852 (9th Cir. 2022). In that case, plaintiffs were involved in a non-fatal airplane crash involving a Cessna aircraft equipped with a Continental engine. *Id.* at 856–57. Plaintiffs sued Continental in Arizona state court, and after removing the action to federal court, Continental moved to dismiss for lack of personal jurisdiction. *Id.* The trial court granted the motion and the Ninth Circuit affirmed. *Id.* at 857, 865. On appeal, the Court stated that Continental manufactured the engine in 2006 and shipped it to Oregon where Columbia Aircraft Manufacturing Corporation installed it into the Cessna. *Id.* at 857. Neither the aircraft nor its engine were manufactured, sold, or serviced in Arizona by either Continental or Columbia. *Id.* The Court held that placing a product into the stream of commerce—even if the defendant is aware that the stream of commerce may or will sweep the product into the forum state—does not convert the mere act of placing the product into the stream of

---

the foreign manufacturer which this Court found was properly subject to specific jurisdiction in *Thomas*, 'the fact that [ZF PSS] maintains a website, from which people in Idaho can purchase products' and obtain product information and assistance, 'supports a finding of purposeful availment.'" Dkt. 56, at 17 (Bracketed language added by Plaintiffs). There is nothing in this record to suggest that ZF PSS maintains or owns the website relied upon by the Plaintiffs. There is nothing in the record that suggests ZF PSS maintains a website that allows people in Idaho to purchase products or to obtain information and assistance. These facts make the quote from *Thomas* with the bracketed language included inappropriate and deceptive.

MEMORANDUM DECISION AND ORDER - 8

commerce into an act of purposeful availment. *Id.* at 860. Instead, "something more" than mere placement of a product into a stream of commerce is required. *Id.*

A second example is *Gamez v. Huffy Corporation Incorporated*, 2024 WL 98423 (D. Arizona 2024). In *Gamez*, Plaintiff sued Huffy in Arizona, after her father died due to a bicycle fork failure on his Huffy bike. *Id.* at *1. Huffy, in turn, impleaded the fork's manufacturer, TXBA, for indemnity and contribution. *Id.* The parties agreed that the court did not have general personal jurisdiction over TXBA. *Id.* at 2. The facts showed that TXBA was "not involved in the design, manufacture, assembly, distribution, or sale of bicycles. Rather, TXBA only manufactures component bicycle parts and sells them to bicycle assemblers. Assemblers, in turn, sell the assembled bikes to 'brand owners and designers' like Huffy, which in turn sell them to retailers." *Id.* at 3 (citation modified).

Plaintiffs argued that TXBA, a limited company with its principal place of business in China, knew its products were destined for the United States, including Arizona. *Id.* The court then stated, "[t]he question, then, is whether TXBA's operation as a manufacturer of component bicycle parts—combined with knowledge that the parts were bound for the United States—amounts to 'purposeful availment of the privilege of doing business in Arizona, . . . purposeful direction of activities at Arizona, or . . . some combination thereof." *Id.* (citation modified). The trial court recognized that the Ninth Circuit has adopted the "stream of commerce plus" test articulated in Justice O'Conner's concurrence in *Asahi. Id.* (quoting *Holland Am. Line v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007)). Finally, the trial court held "[a] defendant does not expressly aim its activities at the forum state when the unilateral activity of a third party is the defendant's only

MEMORANDUM DECISION AND ORDER - 9

connection to the forum state." *Gamez*, at *5. The focus must be on the defendant's own contacts. With that focus, the court granted TXBA's motion to dismiss for lack of personal jurisdiction. *Id.* at *8.

Here, ZF PSS did nothing to direct its activities or its product to Idaho. It did not advertise in Idaho. It did not establish channels for providing regular advice to customers in Idaho. It did not market its seatbelt assembly through a distributor who agreed to serve as an Idaho sales agent. Instead, ZF PSS relinquished control over its products after selling them to Ford. Under these circumstances, Plaintiffs have failed to establish the minimum contacts necessary to subject ZF PSS to personal jurisdiction in Idaho. The Court, therefore, GRANTS ZF PSS's Motion to Dismiss.

## V. CONCLUSION

Given that Plaintiffs cannot establish the first prong of the test for specific personal jurisdiction, the Court need not proceed to the remaining inquiries under the Ninth Circuit's test. *See Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) ("[I]f the plaintiff fails at the first step, the jurisdictional inquiry ends and the case must be dismissed."). Plaintiffs have thus failed to demonstrate that the Court has specific personal jurisdiction over ZF PSS.

///

///

///

///

///

MEMORANDUM DECISION AND ORDER - 10

# VI. ORDER

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant ZF Passive Safety Systems US LLC's Rule 12(b)(2) Motion to Dismiss (Dkt. 37) is GRANTED.

DATED: March 31, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 11